REDACTED

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

D B, a minor, by and through his mother and ）
next friend, LASHAUNA LEWIS,  and ）
LASHAUNA LEWIS, ）
 ）
N D, a minor, by and through his mother and ）
next friend, SARAH DRISCOLL, and SARAH ）
DRISCOLL, ）
 ）
C S, a minor, by and through her mother and ）
next friend, CHERYL SCHACHERI, and ）
CHERYL SCHACHERI, ）
 ）
S H, a minor, by and through her mother and ）
next friend, MANDI HENAULT, and MANDI ）   Case No. _____
HENAULT, ）
 ）   **NOTICE OF REMOVAL**
J O, a minor, by and through his mother and next ）
friend, JESSICA ORTIZ, and JESSICA ORTIZ, ）   **JURY TRIAL DEMANDED**
 ）
S P, a minor, by and through his mother and next ）
friend, MICHELLE CROCKER, and ）
MICHELLE CROCKER, ）
 ）
P R, a minor, by and through his mother and ）
next friend, JENNIFER REED, and JENNIFER ）
REED, ）
 ）
L S, a minor, by and through her mother and ）
next friend, TRACI SESSION, and TRACI ）
SESSION, ）
 ）
D T, a minor, by and through his mother and ）
next friend, ROBIN SOARES, and ROBIN ）
SOARES, ）
 ）
B K, a minor, by and through her mother and ）
next friend, BRENDA REED, and BRENDA ）
REED, ）
 ）
T W, a minor, by and through his mother and ）
next friend, JILL WESTOVER and JILL ）
WESTOVER, ）

B R, a minor, by and through his mother and )
next friend, CHRISTI POWELL, and CHRISTI )
POWELL, )
 )
J D, a minor, by and through her mother and )
next friend, AMBER DURAZO, and AMBER )
DURAZO, )
 )
D F, a minor, by and through his mother and )
next friend, DOMINQUE PRICE, and )
DOMINQUE PRICE, )
 )
D P, a minor, by and through his mother and )
next friend, TONYA POISSO, and TONYA )
POISSO, )
 )
C P, a minor, by and through her mother and )
next friend, JENNIFER HALL, and JENNIFER )
HALL, )
 )
M S, a minor, by and through his mother and )
next friend, JENNIFER SPARROW, and )
JENNIFER SPARROW, )
 )
E S, a minor, by and through his mother and )
next friend, STEPHANIE SCHROEDER, and )
STEPHANIE SCHROEDER, )
 )
M SC, a minor, by and through her mother and )
next friend, CHRISTINE SCHADRIE, and )
CHRISTINE SCHADRIE, )
 )
J S, a minor, by and through his mother and next )
friend, BRITTANY CLARK, and BRITTANY )
CLARK, )
 )
T F, a minor, by and through his mother and )
next friend, DEBBIE FORD, and DEBBIE )
FORD, )
 )
E G, a minor, by and through her mother and )
next friend, JULIA GENTRY, and JULIA )
GENTRY, )
 )
 )
 )
 )

04079.00007/6295431.5

DB04/0805526.0001/11415363.1  PF06

D L, a minor, by and through his mother and )
next friend, APRIL WATSON, and APRIL )
WATSON, )
)
J N, a minor, by and through his mother and next )
friend, JESSICA NEAULT, and JESSICA )
NEAULT, )
)
A T, a minor, by and through his mother and )
next friend, LASANDRA JONES, and )
LASANDRA JONES, )
)
P W, a minor, by and through his mother and )
next friend, TRACY WHITEHEAD, and )
TRACY WHITEHEAD, )
)
B B, a minor, by and through his mother and )
next friend, JACQUELINE BILL, and )
JACQUELINE BILL, )
)
Z W, a minor, by and through his mother and )
next friend, TAMMY WATERMAN, and )
TAMMY WATERMAN, )
)
Z WI, a minor, by and through his mother and )
next friend, LORI KOPCHA, and LORI )
KOPCHA, )
)
E H, a minor, by and through his mother and )
next friend, ALICIA HOBSON, and ALICIA )
HOBSON, )
)
W W, a minor, by and through his mother and )
next friend, CAROLINE WAELDER, and )
CAROLINE WAELDER, )
)
      Plaintiffs, )
)
vs. )
)
FOREST PHARMACEUTICALS, INC., )
)
      Defendant. )

3

04079.00007/6295431.5

DB04/0805526.0001/11415363.1  PF06

Defendant Forest Pharmaceuticals, Inc., ("Forest"), by its undersigned attorneys, hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the Eastern District of Missouri.  As grounds for removal, Defendant states as follows:

**NATURE OF THE ACTION**

1.      This is a personal injury products liability action brought by 31 unrelated individuals who are minors, and their mothers, citizens of 21 different states.  The minor Plaintiffs allege that their mothers (also Plaintiffs) ingested Lexapro®, a prescription medication alleged to be manufactured and/or sold by Defendant, during pregnancy, and that their doing so caused a wide variety of birth defects affecting nearly every organ system in the human body. Plaintiffs filed their Petition ("Complaint") against Defendant in the Circuit Court for the City of St. Louis, Missouri on October 20, 2014.

2.      As of the filing of this Notice of Removal, Defendant has not yet been served with the Complaint.

3.      As set forth more fully below, this action is removable under diversity jurisdiction pursuant to the procedural misjoinder doctrine.

**I.      DIVERSITY JURISDICTION OVER THIS ACTION IS PROPER**

**A.      The Amount in Controversy Exceeds $75,000**

4.      It is apparent from the face of the Complaint, and the serious individual and different injuries alleged by each Plaintiff, that the amount in controversy in this action, and as to each Plaintiff, exceeds $75,000.[1]  Plaintiffs seek recovery for "damages sustained in the form of

---

[1]   "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . ." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added).

birth defects that were directly and proximately caused" by Defendant's alleged conduct "and attendant effects of those birth defects" (Compl. ¶ 1) as well as punitive damages.  (Compl. ¶¶ 130-132).  Where, as here, a plaintiff alleges that a minor suffered serious bodily injuries, courts have readily found that the amount-in-controversy requirement is satisfied.

5.      Each Plaintiff alleges different types of birth defects:  atrioventricular canal with a residual ventricular septal defect, and cleft lip (Compl. ¶ 2); incomplete atrioventricular canal defect, cleft mitral valve, and an atrial septal defect (Compl. ¶ 4); tetralogy of Fallot (Compl. ¶6); bilateral club feet (Compl. ¶ 8);  atrial septal defect (Compl. ¶ 10); tricuspid atresia and transposed great vessels with large hypoplasia (Compl. ¶ 12); club foot and leg length discrepancy (Compl. ¶ 14); pulmonary atresia with intact ventricular septum, patent ductus arteriosus, patent foramen ovale, tricuspid insufficiency, hypoplastic right heart, and congestive heart failure (Compl. ¶ 16); bilateral clubfoot with equinovarus positioning (Compl. ¶ 18); ventricular septal defect and patent foramen ovale (Compl. ¶ 20); craniosynostosis (Compl. ¶ 22); clubfoot (Compl. ¶ 24); patent ductus arteriosus (Compl. ¶ 26); tetralogy of Fallot (Compl. ¶ 28); clubfoot (Compl. ¶ 30); ventricular septal defect, transposition of the great arteries, patent ductus arteriosus (Compl. ¶ 32); hypoplastic left heart (Compl. ¶ 34); tetralogy of Fallot (Compl. ¶ 36); transposition of the great arteries, atrial septal defect, patent foramen ovale, and patent ductus arteriosus (Compl. ¶ 38); aortic valve stenosis (Compl. ¶ 40); coarctation of the aorta, ventricular septal defect, atrial septal defect, patent foramen ovale, and autism (Compl. ¶ 42); aortic stenosis and bicuspid aortic valve (Compl. ¶ 44); transposition of the great arteries (Compl. ¶ 46); pulmonary stenosis (Compl. ¶ 48); ventricular septal defect (Compl. ¶ 50); atrial septal defect, cleft mitral valve, ostium secundum, and patent ductus arteriosus (Compl. ¶ 52); spina bifida occulta, skull deformaties, plagiocephaly, torticollis, and scoliosis  (Compl. ¶ 54);

tetralogy of Fallot (Compl. ¶ 56); cleft palate (Compl. ¶ 58); spina bifida and hydrocephalus (Compl. ¶ 60); and Arnold Chiari Malformation, type I, arachnoid cyst, enlarged pineal gland, and growth hormone deficiency (Compl. ¶ 62).

6.      Plaintiffs allege eight claims for relief:  Count I – Strict Liability-Failure to Warn (Compl. ¶¶ 87-95); County II-Strict Liability-Design Defect (Compl. ¶¶ 96-98); Count II-Negligence (Compl. ¶¶ 99-103); Count IV-Negligent Pharmacovigilance (Compl. ¶¶ 104-107); Count V-Breach of Express Warranty (Compl. ¶¶ 108-113); Count VI-Breach of Implied Warranty of Merchantability (Compl. ¶¶ 114-120); Count VII-Fraud (Compl. ¶¶ 121-129); and Count VIII-Punitive Damages (Compl. ¶¶ 130-132).  Plaintiffs have pleaded that damages for each of Counts I through VII are valued in excess of $25,000 each, and Plaintiffs' eighth count, punitive damages, alleges no specific value, but all of which are properly included in the amount in controversy.  *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting that "attorney fees . . . count toward the jurisdictional minimum for diversity jurisdiction").  Where, as here, Plaintiffs allege serious bodily injuries and/or chronic or permanent medical conditions, courts have readily found that the amount-in-controversy requirement is satisfied.  *See Allmon v. Walgreens Co.,* No. 4:09 CV 1151 DDN, 2010 WL 1292172, at *1 (E.D. Mo. Apr. 5, 2010) (holding amount in controversy requirement satisfied where plaintiff alleged "extreme weight loss, stunted growth, menstrual problems, ovarian cysts, and diabetes"); *see also, e.g.*, *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2004); *Ward v. Sailormen, Inc.*, No. 4:06 CV 1814 JCH, 2007 WL 1040934, at *2 (E.D.

Mo. Apr. 3, 2007); *Hill v. Lincoln Prop. Co.*, 4:10 CV 675 DDN, 2011 WL 65929, at *2 (E.D. Mo. Jan. 10, 2011).

**B.      Complete Diversity Is Satisfied But For Plaintiffs' Misjoinder**

7.      Plaintiffs have attempted to join in a single complaint the distinct claims of 31 different minor Plaintiffs (and their mothers) who have no relationship to one another and who have not pled any facts (as opposed to bare conclusions) linking in any way any of their individual experiences with their mothers being prescribed or taking Lexapro or with allegedly developing the various different birth defects recited in the Complaint.  As set forth below, Plaintiffs' joinder of their unrelated claims does not satisfy the permissive joinder rules and, because it seeks to destroy the diversity that otherwise exists as between Defendant and nearly all of the Plaintiffs, it renders this case removable under the procedural misjoinder doctrine.

8.      Plaintiff D B (minor) and his mother, Plaintiff Lashauna Lewis, are citizens of the State of Texas.  (Compl. ¶¶ 2-3).

9.      Plaintiff N D (minor) and his mother, Plaintiff Sarah Driscoll, are citizens of the State of Arkansas.  (Compl. ¶¶ 4-5).

10.      Plaintiff C S (minor) and her mother, Plaintiff Cheryl Schacheri, are citizens of the State of Ohio.  (Compl. ¶¶ 6-7).

11.      Plaintiff S H (minor) and her mother, Plaintiff Mandi Henault, are citizens of the State of Nevada.  (Compl. ¶¶ 8-9).

12.      Plaintiff J O. (minor) and his mother, Plaintiff Jessica Ortiz, are citizens of the State of Connecticut.  (Compl. ¶¶ 10-11).

13.      Plaintiff S P (minor) and his mother, Plaintiff Michelle Crocker, are citizens of the State of Maine.  (Compl. ¶¶ 12-13).

14.     Plaintiff P R (minor) and his mother, Plaintiff Jennifer Reed, are citizens of the State of Alabama.  (Compl. ¶¶ 14-15).

15.     Plaintiff L S (minor) and her mother, Plaintiff Traci Session, are citizens of the State of Alabama.  (Compl. ¶¶ 16-17).

16.     Plaintiff D T (minor) and his mother, Plaintiff Robin Soares, are citizens of the State of Connecticut.  (Compl. ¶¶ 18-19).

17.     Plaintiff B K (minor) and her mother, Plaintiff Brenda Reed, are citizens of the State of Idaho.  (Compl. ¶¶ 20-21).

18.     Plaintiff T W (minor) and his mother, Plaintiff Jill Westover, are citizens of the State of Florida.  (Compl. ¶¶ 22-23).

19.     Plaintiff B R (minor) and his mother, Plaintiff Christi Powell, are citizens of the State of Oregon.  (Compl. ¶¶ 24-25).

20.     Plaintiff J D (minor) and her mother, Plaintiff Amber Durazo, are citizens of the State of California.  (Compl. ¶¶ 26-27).

21.     Plaintiff D F (minor) and his mother, Plaintiff Dominque Price, are citizens of the State of Arkansas.  (Compl. ¶¶ 28-29).

22.     Plaintiff D P (minor) and his mother, Plaintiff Tonya Poisso, are citizens of the State of Louisiana.  (Compl. ¶¶ 30-31).

23.     Plaintiff C P (minor) and her mother, Plaintiff Jennifer Hall, are citizens of the State of Georgia.  (Compl. ¶¶ 32-33).

24.     Plaintiff M S (minor) and his mother, Plaintiff Jennifer Sparrow, are citizens of the State of Illinois.  (Compl. ¶¶ 34-35).

25.     Plaintiff E S (minor) and his mother, Plaintiff Stephanie Schroeder, are citizens of the State of California.  (Compl. ¶¶ 36-37).

26.     Plaintiff M Sc (minor) and her mother, Plaintiff Christine Schadrie, are citizens of the State of Wisconsin. (Compl. ¶¶ 38-39).

27.     Plaintiff J S (minor) and his mother, Plaintiff Brittany Clark, are citizens of the State of New York.  (Compl. ¶¶ 40-41).

28.     Plaintiff T F (minor) and his mother, Plaintiff Debbie Ford, are citizens of the State of Ohio.  (Compl. ¶¶ 42-43).

29.     Plaintiff E G (minor) and her mother, Plaintiff Julia Gentry, are citizens of the State of North Carolina.  (Compl. ¶¶ 44-45).

30.     Plaintiff D L (minor) and his mother, Plaintiff April Watson, are citizens of the State of Missouri.  (Compl. ¶¶ 46-47).

31.     Plaintiff J N (minor) and his mother, Plaintiff Jessica Neault, are citizens of the State of Ohio.  (Compl. ¶¶ 48-49).

32.     Plaintiff A T (minor) and his mother, Plaintiff Lasandra Jones, are citizens of the State of Alabama.  (Compl. ¶¶ 50-51).

33.     Plaintiff P W (minor) and his mother, Plaintiff Tracy Whitehead, are citizens of the State of Montana.  (Compl. ¶¶ 52-53).

34.     Plaintiff B B (minor) and his mother, Plaintiff Jacqueline Bill, are citizens of the State of California.  (Compl. ¶¶ 54-55).

35.     Plaintiff Z W (minor) and his mother, Plaintiff Tammy Waterman, are citizens of the State of Maine.  (Compl. ¶¶ 56-57).

36.     Plaintiff Z Wi (minor) and his mother, Plaintiff Lori Kopcha, are citizens of the State of New Jersey.  (Compl. ¶¶ 58-59).

37.     Plaintiff E H (minor) and his mother, Plaintiff Alicia Hobson, are citizens of the State of Mississippi.  (Compl. ¶¶ 60-61)

38.     Plaintiff W W (minor) and his mother, Plaintiff Caroline Waelder, are citizens of the State of Illinois.  (Compl. ¶¶ 62-63).

39.     At the time this action was filed, on October 20, 2014, and at all times since, Forest was and is a corporation organized under the laws of Delaware.  On July 1, 2014, Forest was acquired by Actavis.  Since the acquisition, on July 1, 2014, Forest moved its principal place of business to New Jersey.  *See Herz Corp. v. Friend*, 559 U.S. 77, 96 (2010).   Therefore, at the time this action was filed and at all times since, Forest was a citizen of Delaware and New Jersey.  28 U.S.C. § 1332(c)(1).  While Forest denies that its principal place of business since the acquisition has been in Missouri, even if it were, this Notice of Appeal is still appropriate and the forum defendant rule would not apply because Forest has not been served with the Complaint.

40.     As of the filing of this Notice of Removal, Forest was not served with the Complaint, therefore this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

41.     While one mother and her child of the 31 Plaintiff mother-child pairs are, like Defendant, citizens of New Jersey, complete diversity exists between Defendant and the remaining 30 Plaintiff pairs in this action.  The distinct claims of the 31 unrelated Plaintiff pairs in this action have been procedurally misjoined, and the Court should therefore sever these claims into separate actions and remand only the claims of the 1 Plaintiff pair as to whom complete diversity is lacking.  Accordingly, following appropriate severance and remand, there

exists complete diversity of citizenship between the remaining 30 Plaintiff pairs and Defendant pursuant to 28 U.S.C. § 1332.

### C.      Plaintiffs Are Procedurally Misjoined

42.      In a transparent attempt to deprive Forest of a federal forum, Plaintiffs have procedurally misjoined the distinct personal injury claims of 31 minor Plaintiffs and their mothers from 21 different states, one of whom is from New Jersey, thus 30 Plaintiff pairs are completely diverse from Defendant.  But for Plaintiffs' procedural misjoinder of their varying claims, all but two of the Plaintiff pairs are diverse from Defendant and their claims satisfy the requirements for diversity jurisdiction.

43.      The procedural misjoinder doctrine is intended to ensure that a defendant's statutory right to remove cannot be subverted by procedural gamesmanship, such as the type Plaintiffs have engaged in here.  *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (procedural-misjoinder doctrine applies where plaintiffs' claims are "egregious[ly]" misjoined to defeat federal jurisdiction and "have no real connection" to one another), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) (noting "the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction"); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) ("[T]his Court agrees with the Fifth and Eleventh Circuits that the [procedural misjoinder] rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court") (footnotes omitted).  While the Eighth Circuit has not explicitly accepted or

rejected procedural misjoinder as a basis for removal,[2] numerous courts from around the country have affirmed the validity of the procedural misjoinder doctrine, including as to cases removed from Missouri state court.[3]

44.     Under the procedural misjoinder doctrine, federal diversity jurisdiction exists "where diversity is destroyed only through misjoinder of parties." *Asher v. 3M*, No. 04-CV-522-KKC, 2005 U.S. Dist. LEXIS 42266, at *37 (E.D. Ky. June 30, 2005).  "Misjoinder of parties occurs when a party fails to satisfy the conditions for permissive joinder under Rule 20(a)." *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001).  Accordingly, procedural misjoinder applies where, as in this case, Plaintiffs have improperly joined different claims that did not arise "out of the same transaction, occurrence, or series of transactions or occurrences" and give rise to common questions of law or fact.  Fed. R. Civ. P. 20(a); Mo. Sup. Ct. R. 52.05 (explaining that, in order for plaintiffs to join their claims, they each must allege a "right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to

---

[2]   *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010).

[3]   *See, e.g.*, *In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-MD-2331 JG VVP, 2013 WL 3729570, at *13 (E.D.N.Y. May 17, 2013); *see also Augustine v. Emp'rs. Mut. Cas. Co.*, No. 2:08-cv-1102, 2010 U.S. Dist. LEXIS 126431, at *49 (E.D. La. Nov. 30, 2010); *WIAV Networks, LLC v. 3COM Corp.*, No. C 10-03448 WHA, 2010 U.S. Dist. LEXIS 110957, at *19-20 (N.D. Cal. Oct. 1, 2010); *Bishop v. Sturdivant*, No. 4:10CV49TSL-JCS, 2010 U.S. Dist. LEXIS 79992, at *8 (S.D. Miss. Aug. 6, 2010); *Hughes v. Sears, Roebuck & Co.*, No. 2:09–CV–93, 2009 WL 2877424, at *5-6 (N.D. W. Va. Sept. 3, 2009); *Willingham v. State Farm Ins. Co.*, No. 2:09-CV-59-SA-SAA, 2009 U.S. Dist. LEXIS 76639, at *11 (N.D. Miss. Aug. 27, 2009); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Milliet v. Liberty Mut. Ins. Co.*, No. 07-7443, 2008 U.S. Dist. LEXIS 2344, at *7-8 (E.D. La. Jan. 11, 2008); *Jones v. State Farm Fire & Cas. Co.*, No. 06-7994, 2007 U.S. Dist. LEXIS 102293, at *4 (E.D. La. Feb. 28, 2007); *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 396 (S.D. W. Va. 2004); *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803-05 (S.D. Miss. 2004); *Burns v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 401, 403 (S.D. W. Va. 2004); *Madison Materials Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04- CV-14 WS, 2004 U.S. Dist. LEXIS 31111, at *13 (S.D. Miss. Sept. 14, 2004); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003).

all of them will arise in the action"); *see also In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, MDL No. 2243, 2012 WL 1118780, at *3 (D.N.J. Apr. 3, 2012) (observing that "Missouri's permissive joinder rule is substantively identical to Fed. R. Civ. P. 20(a)").  Where procedural misjoinder applies, a court should sever the improperly joined claims into separate and distinct cases.

45.     "[F]ederal courts are in the best position to respond to the problem of misjoined parties and removal," and "requiring defendants to seek [severance] in state court puts the diversity removal docket in jeopardy and fails adequately to protect defendants' access to federal court."  Laura J. Hines & Steven S. Gensler, *Driving Misjoinder: The Improper Party Problem in Removal Jurisdiction*, 57 Ala. L. Rev. 779, 809 (2006).

46.     Here, the claims of these 31 different minor Plaintiffs and their mothers have been procedurally misjoined because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

47.     Among other differences that may exist between the 31 minor Plaintiffs and their mothers, each Plaintiff has a distinct medical history.  For example, each Plaintiff mother:  was prescribed Lexapro by a different healthcare provider, presumably for different reasons; purchased Lexapro from different pharmacies, for different purposes, at different times, and after different conversations with their individual healthcare providers; each likely would have used Lexapro at different dosages and for different durations.  Further, each Plaintiff has different genetic and other risk factors for the various birth defects alleged in the complaint.  In addition, the different genetic and other contributions of the biological fathers of the minor children in this lawsuit will differ from Plaintiff to Plaintiff.  Plaintiff mothers allegedly took Lexapro at different times between about 2004 and 2012.  Each minor Plaintiff too has a distinct medical

history and alleges different congenital injuries to different organ systems.  Each injury has a different etiology (to the extent one is known), and a different course of treatment.

48.  In sum, each mother and minor Plaintiff is going to present a unique set of facts, based on inherently individual and personal circumstances, which cannot possibly arise out of the same transaction or occurrence.  Indeed, these variations will give rise to unique questions of fact and law.

49.  Finally, Plaintiffs reside in and/or allege injuries in 22 different states –  Alabama, Arkansas, California, Connecticut, Florida, Georgia, Idaho, Illinois, Iowa, Louisiana, Maine, Mississippi, Missouri, Montana, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Texas, and Wisconsin.  Under Missouri's choice-of-law rules, the law of each Plaintiff's home state is likely to govern his or her claims.  *See, e.g.*, *Johnny v. Bornowski*, No. 10-04008 -CV-FJG, 2011 U.S. Dist. LEXIS 150016, at *2 (W.D. Mo. Dec. 22, 2011) (explaining that Missouri follows "the most significant relationship test," which "carries a presumption that the state with the most significant relationship is the state where the injury occurred") (citations omitted).  As such, Plaintiffs' claims would implicate the laws of 22 different states, and each of these states has unique and often conflicting laws regarding products liability claims.  *See Nosker v. Gill Bros. Trucking, GBTI, Inc.*, No. 06-0286-CV-W-REL, 2006 U.S. Dist. LEXIS 43891, at *16 (W.D. Mo. June 28, 2006) (denying permissive intervention, *inter alia*, because different law would apply to the proposed plaintiff interveners and trying a case involving claims governed by different law "would lead to complexity and delay and would likely confuse the jury").

50.  Numerous courts have found procedural misjoinder under the precise circumstances presented here.  Those courts have recognized that claims by pharmaceutical product-liability plaintiffs – like those in this case – are highly individualized and cannot be

04079.00007/6295431.5                                    14

DB04/0805526.0001/11415363.1  PF06

joined to defeat jurisdiction, even where the plaintiffs allegedly used the same product. *See, e.g.*, *In re Propecia*, 2013 WL 3729570, at *13 (finding procedural misjoinder as to suit removed from Missouri state court where "the injuries here will greatly vary from plaintiff to plaintiff based on factors like age, physical state at the time of taking the drug, and dosage"); *In re Fosamax*, 2012 WL 1118780, at *4 (finding procedural misjoinder where plaintiffs "allege such unspecific injuries as to make it impossible to determine how the Plaintiffs share any connection" and "given the complicated causation questions that pervade drug product liability claims, Plaintiffs' claims will require divergent questions of law and fact"); *Weaver v. Am. Home Prods. Corp.* (*In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*), 294 F. Supp. 2d 667, 679 (E.D. Pa. 2003) (finding that plaintiffs were procedurally misjoined because "the claims of the pharmaceutical plaintiffs who had drugs prescribed by different doctors for different time periods do not arise out of the same 'transaction, occurrence, or series of transactions or occurrences'") (quoting Fed. R. Civ. P. 20(a)); *In re Baycol Prods. Litig.*, No. 03-2931, 2003 WL 22341303, at *3 (D. Minn. 2003) (holding that a plaintiff in a pharmaceutical product-liability action had "been fraudulently [mis]joined with the other plaintiffs, warranting severance and remand" of that plaintiff's claims and denying plaintiffs' motion to remand); *In re Rezulin*, 168 F. Supp. 2d at 146 (prescription drug plaintiffs' claims were procedurally misjoined where they did not "allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time" and where they alleged "different injuries"); *Chaney v. Gate Pharms.* (In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.), No. Civ.A. 98-20478, 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (pleading went "well beyond mere misjoinder" where plaintiffs "attempt[ed] to join persons from seven different states into one civil action who have absolutely no connection

to each other except that they each ingested fenfluramine, Redux (dexfenfluramine), phentermine or some combination of those drugs").

51.     In addition, "[a] multitude of cases around the country have held that plaintiffs were not properly joined when the only common link among them was a defective drug or medical device." *Stinnette v. Medtronic Inc.*, No. H-09-03854, 2010 WL 767558, at *2 (S.D. Tex. Mar. 3, 2010).[4]  Severance is required where, as here, there were "numerous different . . . physicians involved . . . who are unlikely to have any common link to any two (2) of these plaintiffs, . . . the medical histories of the plaintiffs . . . . are certainly diverse," and the injuries at issue involved different products. *Adams*, 2010 WL 1339948, at *8.  Moreover, that Plaintiffs' claims are governed by the law of each of their home states further shows that they do not arise out of the same transaction or occurrence. *See Boschert v. Pfizer, Inc.*, No. 4:08-CV-1714, 2009 U.S. Dist. LEXIS 41261, at *7-8 (E.D. Mo. May 14, 2009) (granting motion to sever claims of four plaintiffs allegedly injured as a result of using smoking-cessation medication Chantix, holding that, "the mere fact [that] four plaintiffs took Chantix at some point in time and suffered some sort of mental or behavioral sideeffect is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement."); *Cumba v. Merck & Co.*, No. 08-CV-2328, 2009 U.S. Dist. LEXIS 41132, at *4-5 (D.N.J. May 12, 2009) (granting motion to sever claims of 49 plaintiffs who allegedly "took the drug Vytorin and . . . [allegedly] sustained broadly similar injuries as a result thereof" because their claims were based on disparate facts); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769, 2007 U.S. Dist. LEXIS 17603, at *115-22

---

[4]  *Accord, e.g.*, *McNaughton v. Merck & Co.*, No. 04 Civ. 8297(LAP), 2004 WL 5180726, at *1-3 (S.D.N.Y. Dec. 17, 2004); *In re Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002); *Warner v. Stryker Corp.*, No. 08–6368–AA, 2009 WL 1773170, at *1-2 (D. Or. June 22, 2009).

DB04/0805526.0001/11415363.1 PF06

(M.D. Fla. Mar. 7, 2007) (severing claims of multiple plaintiffs alleging injury from use of Seroquel and ordering each to file an individual complaint and pay the court's full filing fee).

52.     The impropriety of Plaintiffs' joinder is also abundantly clear under Missouri precedent.  For instance, in a similar case involving many pharmaceutical plaintiffs from numerous states alleging injuries over a wide span of years, a Missouri court observed that "[i]n a pharmaceutical case, a plaintiff's claim depends on particular characteristics such as the plaintiff's medical history, her particular treatment, and her injury" and that "[c]ausation must be individually determined based on the injury alleged and other factors." *Ballard v. Wyeth,* No. 042-07388A, slip op. at 3 (Mo. Cir. Ct. St. Louis Aug. 24, 2005) (attached as Ex. A).  In light of the individualized facts of the plaintiffs' claims, the court concluded that severance was proper, for "[t]he fact that all Plaintiffs ingested HRT drugs is not sufficient to meet the 'transaction or occurrence' requirement" and "the joinder of so many disparate causes of action makes this case unduly complex and burdensome." *Id.* at 4; *see also Brown v. Walgreens Co.,* No. 1022-CC00765, slip op. at 4 (Mo. Cir.  Ct. St. Louis Nov. 15, 2010) (attached as Ex. B) (granting defendants' motion to sever claims of multiple pharmaceutical product liability plaintiffs under Missouri law because "[e]ach Plaintiff has his or her own individual combination of facts and evidence surrounding his or her ingestion of different medications" and recognizing that "[t]he fact that all Plaintiffs ingested Reglan or its generic equivalent is not sufficient to meet the 'transaction or occurrence' requirement").

53.     Moreover, the misjoinder Plaintiffs have attempted here is indeed egregious, making this case distinguishable from the case at issue in the Eighth Circuit's decision in *Prempro*.  Indeed, not only is Plaintiffs' joinder procedurally improper as demonstrated by the above precedents, but it was also effected for the sole purpose of defeating diversity jurisdiction.

04079.00007/6295431.5                                    17

DB04/0805526.0001/11415363.1  PF06

Moreover, in an apparent effort to obscure the many factual differences between these 31 different Plaintiff pairs' distinct claims and try to show that the claims are properly joined, Plaintiffs allege minimal Plaintiff-specific information and repeat the same general allegations about purported injuries and causation for each Plaintiff.

54.     Indeed, pleading specific information as to unrelated individuals would invariably expose numerous differences in the circumstances that gave rise to their claims.  Given Plaintiffs' geographic diversity, complete lack of relationship with one another, and the absence of any temporal or other connection between their circumstances of use of Lexpro, there is no apparent reason for this massive misjoinder and omission of basic information other than to defeat diversity.  Plaintiffs' allegations that they were each prescribed Lexapro at some point in time by their prescribing doctor, necessarily based on an individualized risk-benefit analysis, and that each developed diabetes at some time thereafter does not create a common occurrence or series of occurrences under the federal and Missouri permissive joinder rules as applied in the cases set forth above.  Plaintiffs' misjoinder is, therefore, egregious, as courts have held in highly analogous cases. *In re Fosamax*, 2012 WL 1118780, at *5 (finding misjoinder egregious where "action involve[d] an attempt to join 91 plaintiffs from 28 different states . . . . [y]et only three Plaintiffs are citizens of Missouri where the complaint was filed, and none of the non-resident Plaintiffs claims any connection with Missouri," such that "the factual, temporal, and geographic diversity among Plaintiffs' claims wholly disregards the purposes of permissive joinder because these are claims that no reasonable person would normally expect to be tried together") (quotation omitted).  Plaintiffs' counsel's mass filing of claims by unrelated individuals shows that, as in other litigations, "the true reason for the joinders is that the collection of Plaintiffs in each case were all part of a certain law firm's existing . . . 'inventory.'" *In re Silica Prods. Liab.*

*Litig.*, 398 F. Supp. 2d 563, 651 (S.D. Tex. 2005).  And since arguendo, all but one of the Plaintiff pairs is diverse from Defendant, the purpose of the joinder of the non-diverse Plaintiff was evidently to escape diversity jurisdiction as to numerous individuals whose claims would normally be subject to this Court's jurisdiction.

55.      Furthermore, as expressed by the district court in *In re Propecia*, Defendant maintains that the Eighth Circuit's ruling in *Prempro* was wrongly decided insofar as it (a) failed to account for Rule 20's permissive joinder requirement that claims arise out of the same transaction or occurrence; (b) held that procedural misjoinder removal is available only where misjoinder is egregious, not merely improper; and (c) held that the alleged misjoinder was not "egregious," despite the joining of out-of-state plaintiffs who had no connection with the forum and no connection with the other plaintiffs, but who "coincidentally" were citizens of the same states as the defendants.  *See In re Propecia*, 2013 WL 3729570, at *10 ("The wisdom of permitting the joinder of an unlimited number of plaintiffs who purchase the same or similar drugs from any number of defendants simply because they allege that the drugs caused a common type of injury is questionable."); *In re Fosamax*, 2012 WL 1118780, at *5; *see also Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) ("Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal.").  In light of the significant defects with the *Prempro* decision addressed by these authorities, there is substantial doubt whether the Eighth Circuit would reaffirm *Prempro* if given the opportunity.  Accordingly, to the extent the Court determines that remand would be required under *Prempro*, Defendant submits that the Court should deny, or, alternatively, stay remand, to allow Defendant to seek interlocutory review of this important issue by the Eighth Circuit.

56.     As in the above-cited cases, Plaintiffs' claims here do not arise out of the same transaction, occurrence, or series of transactions; nor do they give rise to common questions of law or fact.  Thus, the claims of each Plaintiff should be severed into separate actions and the Court should retain jurisdiction over the remaining Plaintiffs as to whom complete diversity exists.

57.     Finally, although Defendant submits that mere misjoinder is sufficient to trigger procedural misjoinder removal, the misjoinder here was not merely improper, it was egregious.

## II.     REMOVAL IS NOT BARRED BY THE FORUM DEFENDANT RULE

58.     As of the filing of this Notice of Removal, Forest has not been served with the Petition.  While Forest denies that its principal place of business since the acquisition is in Missouri, even if it were, this Notice of Appeal is still appropriate and the forum defendant rule would not apply because Forest has not been served with the Complaint under 28 U.S.C. § 1441(b).  *See Johnson v. Precision Airmotive, LLC*, No. 4:07-CV-01695, 2007 WL 4289656, at *6 (E.D. Mo. Dec. 4, 2007) ("The text of § 1441(b) . . . is clear.  A case with diverse parties is removable if none of the parties 'properly joined and served as defendants is a citizen of the State in which such action is brought.'  The Missouri defendants in this case were not served at the time the case was removed. . . .  [T]he removing defendants filed their notice of removal before the forum defendants were served.  Therefore the forum defendant rule (which applies only to 'properly joined and served' forum defendants) is inapplicable."); *see also Johnson v. Emerson Elec. Co.*, No. 4:13-CV-01240, 2013 WL 5442752, at *3-4 (E.D. Mo. Sept. 30, 2013); *Terry v. J.D. Streett & Co.*, No. 4:09-CV-01471, 2010 WL 3829201, at *2 (E.D. Mo. Sept. 23, 2010); *Taylor v. Cottrell, Inc.*, No. 4:09-CV-00536, 2009 WL 1657427, at *1-3 (E.D. Mo. June 10, 2009); *Brake v. Reser's Fine Foods, Inc.*, No. 4:08-CV-01879, 2009 WL 213013, at *3 (E.D.

Mo. Jan. 28, 2009).  *But see Fisher v. Forest Labs., Inc.*, No. 4:12-CV-00322, slip op. at 1-4 (E.D. Mo. Feb. 22, 2012) [Dkt. 13]; *Hernandez v. Forest Labs., Inc.*, No. 4:12-CV-00321, slip op. at 1-4 (E.D. Mo. Feb. 23, 2012) [Dkt. 12]; *Perez v. Forest Laboratories, Inc.*, No. 4:12-CV-01064, slip op. at 1-12 (E.D. Mo. Oct. 10, 2012) [Dkt. 21]; *Hensley v. Forest Laboratories, Inc., et al.*, No. 4:14-CV-00181, slip op. 1-9 (E.D. Mo. May 14, 2014) [Dkt. 29].

## III.   DEFENDANT HAS COMPLIED WITH ALL REMOVAL PROCEDURES

58.   Forest has not been served with the Summons or Complaint as of the filing of this Notice of Removal.  This notice is timely pursuant to 28 U.S.C. § 1446(b).

59.   Pursuant to Local Rule 81-2.03, copies of all process, pleadings, orders, and other documents on file with the Circuit Court for the City of St. Louis are attached hereto. (*See* Ex. C.)

60.   A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for the City of St. Louis, as provided by law.  Written notice of removal is also being given to Plaintiffs, by and through their attorneys of record.

61.   Defendant reserves the right to amend or supplement this Notice of Removal.

62.   If any question arises as to the propriety of the removal of this action, Defendant request the opportunity to present a brief and request oral argument in support of removal.

DATED:  October 24,  2014                    Respectfully submitted,


                                             By */s/ Andrew J. Scavotto*_____
                                             Sandra J. Wunderlich, #39019MO
                                             Andrew J. Scavotto, #57826MO
                                             STINSON LEONARD STREET LLP
                                             7700 Forsyth Blvd., Suite 1100
                                             St. Louis, MO 63105-1821
                                             Telephone:  (314) 863-0800
                                             Facsimile:    (314) 863-9388
                                             Email:  sandra.wunderlich@stinsonleonard.com
                                             Email:  andrew.scavotto@stinsonleonard.com

                                             Mark S. Cheffo
                                             (*motion for admission pro hac vice to be filed*)
                                             QUINN EMANUEL URQUHART
                                             & SULLIVAN, LLP
                                             51 Madison Avenue, 22nd Floor
                                             New York, New York 10010
                                             Tel:  (212) 849-7000
                                             Fax:  (212) 849-7100
                                             Email:  markcheffo@quinnemanuel.com

                                             John R. lpsaro, Esq.
                                             (*motion for admission pro hac vice to be filed*)
                                             ULMER & BERNE LLP
                                             600 Vine Street, Suite 2800
                                             Cincinnati, Ohio 45202-2409
                                             Tel:  (513) 698-5000
                                             Fax:  (513) 698-5001
                                             E-mail: jipsaro@ulmer.com

                                             *Attorneys for Defendant Forest Pharmaceuticals,*
                                             *Inc.*

## <u>CERTIFICATE OF SERVICE</u>

On this 24th day of October, 2014, the undersigned certifies that a true and correct copy

of the foregoing was served by U.S. Mail, first class postage prepaid, upon the following counsel

of record:

Mark R. Niemeyer
Michael S. Kruse
NIEMEYER, GREBEL & KRUSE, LLC
10 S. Broadway, Suite 1125
St. Louis, MO  63102

John T. Carey
Joseph P. Danis
Jeffrey J. Lowe
Andrew J. Cross, Esq.
Sarah Shoemake Doles
CAREY DANIS & LOWE
8235 Forsyth, Suite 1100
St. Louis, Missouri  63105

Scott Nabers
Katherine Cornell
Matt Greenberg
BLIZZARD & NABERS
440 Louisiana, Suite 1710
Houston, TX  77002

Clayton A. Clark
Scott A. Love
Michael Gallagher
CLARK, LOVE & HUTSON, G.P.
440 Louisiana Street, Suite 1600
Houston, TX  77002

Sean Patrick Tracey
Shawn P. Fox
Rebecca King
TRACEY LAW FIRM
440 Louisiana, Suite 1901
Houston, TX  77002

Mark Robinson
Karen Menzies
Jennifer R. Liakos
ROBINSON, CALCAGNIE & ROBINSON
19 Corporate Plaza Drive
Newport Beach, CA  92660
***Attorneys for Plaintiffs***

*/s/ Andrew J. Scavotto*
Attorney for Defendant Forest
Pharmaceuticals, Inc.

04079.00007/6295431.5

DB04/0805526.0001/11415363.1  PF06